Assumpsit. The evidence was that the plaintiff, the defendant, and several other persons were present at the sale of a house and lot in Murfreesboro belonging to one George Spiers, sold by virtue of an execution at the instance of the defendant, tested November Term, 1842. The plaintiff stated, in the presence and hearing of the persons attending the sale, that he had a claim upon the house and lot by virtue of a (323) deed in trust executed by George Spiers, the defendant in the execution, conveying to him the house and lot in trust, to pay, among other debts, one to himself for $65, and unless the purchaser, whoever he might be, would agree to pay him the amount of his debt so secured by the deed in trust, he would forbid the sale. Mr. L. M. Cowper then stated that it was true that Jordan, the present plaintiff, held a *Page 243 
deed in trust, securing to him a debt which Spiers owed him of about $65. The plaintiff said, further, that if the purchaser would pay his claim upon the land he would make no objection to the sale. A witness testified that the plaintiff and the defendant got together and had a conversation, but he did not hear what it was. Several witnesses testified that they understood, and they supposed all present understood, that the purchaser was to pay the plaintiff's claim under the trust. It was proved that George Spiers' interest in the house and lot was sold by the sheriff; that the defendant became the purchaser for the sum of $735, and that this amount was entered as a satisfaction on the execution. The plaintiff having released George Spiers at the last term, his debtor introduced him as a witness. He stated that he had executed the deed in trust and was indebted to the plaintiff the sum of $65 therein mentioned. The deed of trust was then offered in evidence. It bore date, 25 November, 1830; was proved 5 March, 1831; was deposited with the register on 25 May, 1831, as appears by his endorsement on the deed, and was transcribed in the register's books on 30 May, 1831. Mr. Spiers stated that he had given a deed in trust before, conveying the same property to secure the same debt, but did not know what had become of it, but after the burning of the courthouse and records of Hertford County he was called upon to give another, and he executed the deed just exhibited.
The defendant contended that no contract was made between the plaintiff and himself, and that there was no evidence of such a contract; that if there was a contract, it was not binding, because (324) there was no consideration to support it; that if there was a promise, it was a promise to pay the debt, default, or miscarriage of another, and was void because not reduced to writing; and if these points were against him, the defendant contended that, the plaintiff having released the debt of George Spiers during the pendency of this suit, and this having been pleaded since the last continuance, the action could not be now maintained.
The court charged the jury that what occurred immediately prior to the sale was for them to consider; that there was some evidence of a contract between the parties to this suit; and that if they were satisfied that the defendant expressly or impliedly promised the plaintiff to pay him $65 if he would not forbid the sale, and the plaintiff had a deed for the same land, and Spiers was justly indebted to him the amount mentioned, and that the plaintiff did not forbid the sale nor make any objection thereto in consequence of this understanding, there was in law a sufficient consideration to support the promise; that this was not one of those cases embraced in the statute of frauds, which provides that "no action shall be brought to charge the defendant upon special promise to answer the debt, default, or miscarriage of another person, unless the agreement *Page 244 
upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party charged therewith, or some other person thereunto by him lawfully authorized," and that the release given by the plaintiff to his debtor, George Spiers, would not prevent the plaintiff's recovery.
The jury found a verdict for the plaintiff, and, a new trial being refused and judgment rendered pursuant to the verdict, the defendant appealed.
The defendant, on the trial of this cause, raised several objections to the plaintiff's recovery. One was, that there was no contract between the parties on which this action could be sustained. His Honor told the jury that there was some evidence of the contract. We must say that we are unable to see any legal evidence of a contract on the part of the defendant that he would pay the plaintiff his demand if the plaintiff would not object to the sheriff's sale. The plaintiff declared that he would object to the sale by the sheriff if the purchaser (326) under such sale, whoever he might be, would not agree to pay him his debt, which debt, he said, was secured to him by a prior deed in trust on the said property. Whereupon the plaintiff and the defendant got together, as the witness said, and had a conversation, which was not heard by the witness. The assent of the defendant to the proposition of the plaintiff to make a legal contract ought to have been established, either by words spoken or act done by him which raised a reasonable inference or presumption of assent. The fact that the defendant and plaintiff got together and had a conversation after the declaration made by the plaintiff, as above stated, that the purchaser under the sheriff should pay his debt, was not, as we think, an act done by the defendant which could, in law, raise any presumption that he assented to the plaintiff's proposition. There must be a new trial.
PER CURIAM. New trial.